# Exhibit B

DHILLON
LAW GROUP INC.

2121 Eisenhower Ave., Suite 608
Alexandria, VA 22314

Lee E. Goodman
Phone: 415-433-1700
RNCNVRA@dhillonlaw.com

July 31, 2026

VIA CERTIFIED MAIL AND EMAIL
Debra M. Francica
Superintendent of Elections
One Bergen County Plaza, Room 380
Hackensack, NJ 07601
soe@bergencountynj.gov

**Re: Public Records Request Under the National Voter Registration Act and Open Public Records Act**

Dear Superintendent of Elections:

This firm represents the Republican National Committee ("RNC"), the New Jersey Republican State Committee ("NJGOP"), Congressman Tom Kean, a federal candidate for election in New Jersey, and New Jersey State Senator Anthony M. Bucco, a state candidate for election in New Jersey (collectively, the "Requesters"). As you know, the RNC is committed to a fair electoral process that ensures both access to the ballot and election integrity, and NJGOP, Congressman Kean, and Senator Bucco share that commitment. Public confidence and accuracy in the administration of our elections are critical to our democracy.

The starting block for voter participation and election integrity is voter registration. The RNC; state and local Republican parties, including NJGOP; and candidates, including Congressman Kean and Senator Bucco, assist thousands of citizens each year in registering to vote and devote substantial resources to get-out-the-vote efforts in reliance upon public voter registration lists. The Requesters also monitor elections to ensure the effective exercise of the franchise, accurate election results, and public confidence in election outcomes. All of these efforts rely upon accurate voter rolls. Accordingly, the Requesters support state and federal laws and practices to keep voter registration rolls up to date.

Because the Requesters' voter registration drives, get-out-the-vote drives, voter communications, and election integrity efforts depend upon the processes implemented by New Jersey to ensure its voter rolls are accurate, the Requesters are conducting a review of New Jersey's programs and practices for maintaining accurate voter rolls. As part of that review, the Requesters seek the records identified below concerning New Jersey's programs and practices to maintain accurate voter rolls pursuant to Section 8 of the National Voter Registration Act ("NVRA"), 52 U.S.C. § 20507.

The NVRA contains a public records provision. It requires that "[e]ach state shall maintain for at least 2 years and shall make available for public inspection . . . all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters." *Id.* § 20507(i)(1). Those records expressly "include lists of the names and addresses of all persons to whom notices described in [52 U.S.C. § 20507(d)(2)] are sent, and information concerning whether or not each such person has responded to the notice as of the date that inspection of the record is made." *Id.* § 20507(i)(2). The scope of records required to be maintained by each state is sweeping and includes records of all voter list registration and maintenance activities. *See Project Vote/Voting for Am., Inc. v. Long*, 682 F.3d 331, 336 (4th Cir. 2012) (the use of the word "all" in "all records" "suggests an expansive meaning because 'all' is a term of great breadth" (quoting *Nat'l Coal. for Students with Disabilities Educ. & Legal Def. Fund v. Allen*, 152 F.3d 283, 290 (4th Cir. 1998))). These documents must be made available upon request.

The New Jersey Open Public Records Act ("OPRA"), N.J.S.A. 47:1A-1 *et seq.*, also requires your office to provide the records requested below. This request should be considered a request under OPRA to the extent you assert any record is not covered by the NVRA.

Accordingly, the Requesters respectfully request the following public records[1] for the Relevant Period[2]:

1. Each policy, procedure, manual, standard operating procedure, directive, guidance document, or training material in effect at any time during the Relevant Period that sets forth, documents, or describes the programs and activities conducted in New Jersey for the purpose of ensuring the accuracy and currency of official lists of eligible voters, including any such record describing:

   (a) how registrants who have died are identified and removed from the rolls;
   (b) how registrants who have changed residence are identified and removed from the rolls;
   (c) how and when address confirmation notices are sent and processed;

[1] For purposes of this request, a "record" is defined as any document or information, in electronic form or paper copy form, and includes policies, procedures, manuals, memoranda, audits, guidance, lists, spreadsheets, data, and communications (including emails, text messages, and letters). "Record" also includes documents, information, and data found within your statewide voter registration system, the database through which your state carries out its voter list registration and maintenance activities. *See Pub. Int. Legal Found. v. Bellows*, 92 F.4th 36, 47 (1st Cir. 2024).

[2] For purposes of this request, the "Relevant Period" means the period beginning January 1, 2023, and continuing through the date of your office's response to this request. The NVRA requires New Jersey to maintain all records for "at least 2 years." In this era of electronic records, and with other records requests pending, we trust the state and its localities have not deleted records within this timeframe. However, if your office has deleted relevant records within this timeframe, please tell us and provide all responsive records still maintained.

(d) how registrants are designated as inactive;
(e) how registrants reactivate from inactive status;
(f) the process for removing voters on the inactive list from the registration list;
(g) how duplicate registration records are identified, merged, or canceled;
(h) how your office verifies the U.S. citizenship of registrants; and
(i) the meaning and application of each removal code or cancellation reason used in New Jersey's Statewide Voter Registration System ("SVRS"), including each code identified in Request No. 2.

2. Records from the SVRS sufficient to show each individual whose voter registration was removed or canceled during the Relevant Period under any of the following removal codes or designations, or any substantially similar code or designation, however denominated in the SVRS:

   (a) "Administrative Action";
   (b) "Deceased";
   (c) "Duplicate";
   (d) "Inactive Confirmation through Two Federal";
   (e) "Moved Out of State";
   (f) "Moved Out of County";
   (g) "User Corrected";
   (h) "User Determined";
   (i) "Voter Records Merged"; and
   (j) "Voter Requested"

   For each such individual, the responsive records should reflect the individual's full name, residence address, date (or year) of birth, and voter identification number assigned by the SVRS, together with the date of the removal or cancellation and the removal code or designation under which the removal or cancellation was recorded.

3. Each record that lists or identifies persons sent an address confirmation notice, including any notice described in 52 U.S.C. § 20507(d)(2), during the Relevant Period, together with, for each such person: (a) the date the confirmation notice was sent, and (b) whether the person has responded to the notice as of the date of your response to this request.

4. Each record that lists or identifies voters placed in inactive status during the Relevant Period, including the date on which each such voter was placed in inactive status.

5. Each record that lists or identifies voters on the inactive voter list who were removed from the SVRS during the Relevant Period.

6. Each record and communication exchanged during the Relevant Period between your office and the New Jersey Department of Health's Office of Vital Statistics and Registry—or any other office, bureau, or agency responsible for maintaining records of deaths—that identifies deceased individuals for voter list-maintenance purposes, including data files, death lists or indices, match or comparison results, and correspondence transmitting or discussing that information.

7. Each record and communication exchanged during the Relevant Period between your office and the New Jersey Motor Vehicle Commission—or any other agency performing the functions of a department of motor vehicles—that identifies voters who have moved for voter list-maintenance purposes, including data files, lists, match or comparison results, and correspondence transmitting or discussing that information.

8. Each record and communication created as a result of or generated from your office's use of the Systematic Alien Verification for Entitlements (SAVE) database during the Relevant Period.

9. Each record and communication exchanged between your office and the Electronic Registration Information Center (ERIC) during the Relevant Period.

10. Each record and communication utilizing, documenting, or discussing the use of or comparison of voter registration records to potential juror questionnaires or jury pool records during the Relevant Period.

11. Each record and communication exchanged during the Relevant Period between your office and any other county board of elections, superintendent of elections, county commissioner of registration, or municipal clerk that:

    (a) concerns any program or activity implemented for the purpose of ensuring the accuracy and currency of New Jersey's official lists of eligible voters, including directives, instructions, guidance, or schedules for conducting voter list-maintenance activity;
    (b) concerns a failure to comply with New Jersey's voter list-maintenance obligations under New Jersey or federal law; or
    (c) identifies individual voters removed, or to be removed, from the official lists of eligible voters as a result of any such program or activity.

12. Each record that lists or identifies each person removed from the SVRS because the individual was not a U.S. citizen during the Relevant Period.

13. Each record or communication between your office and U.S. Citizenship and Immigration Services (USCIS) mentioning "U.S. citizenship," "naturalization," or "naturalized persons" and relating to voter list-maintenance activities during the

Relevant Period.

When providing records, data, or lists identifying voters in response to any request above, we request all information identifying each voter contained within your records, including but not limited to each voter's name, residence address, date (or year) of birth, and the voter identification number assigned by the SVRS. You may redact any full or partial Social Security number appearing in a responsive record, and the Requesters will accept records produced with those redactions.

The NVRA's public records disclosure provision preempts any state-law exemption that would otherwise prevent the disclosure or inspection of the requested records. *See Bellows*, 92 F.4th at 54–55 (Maine's privacy-based restrictions on its voter file preempted as obstacles to the NVRA's disclosure mandate). If you intend to withhold any record, or any portion of any record, please provide a log identifying the records withheld and a detailed explanation of the basis asserted for each withholding. Likewise, provide a log if you maintain that any record or category of records is not covered by the NVRA. For any such record or category, make the record(s) available under OPRA and provide a log of any OPRA exemptions you assert for that record(s).

If there are any fees for searching, copying, compiling, or transmitting these records, please inform me if the cost will exceed **$500** prior to incurring the expense. However, you should not charge any fees because the disclosure of the requested information furthers a significant public interest in the transparency of election administration and will contribute to the public's understanding of, and confidence in, New Jersey's efforts to ensure free and fair elections. This request does not seek any record to the extent it relates to a declination to register to vote or to the identity of a voter registration agency through which any particular voter is registered, and this information is not being sought for commercial purposes.

The Requesters ask that responsive records be produced in electronic format and on a rolling basis as they are gathered, rather than held until all responsive records have been collected. For data maintained in the SVRS, production in a machine-readable format (such as .csv or Microsoft Excel) is preferred.

Please acknowledge receipt of this request within five (5) business days and provide an estimated schedule for production. Per NVRA requirements, my firm's address is 2121 Eisenhower Avenue, Suite 608, Alexandria, VA 22314, and I can be reached at **RNCNVRA@dhillonlaw.com** or **415-433-1700**.

Sincerely,

DHILLON LAW GROUP INC.

By: */s/Lee E. Goodman*
Lee E. Goodman

DHILLON
LAW GROUP INC.

2121 Eisenhower Ave., Suite 608
Alexandria, VA 22314

Lee E. Goodman
Phone: 415-433-1700
RNCNVRA@dhillonlaw.com

July 31, 2026

<u>VIA CERTIFIED MAIL AND EMAIL</u>
Scott Snyder
Commissioner of Registration
26 Kennedy Boulevard, Suite B
East Brunswick, NJ 08816
elections@co.middlesex.nj.us

**Re: Public Records Request Under the National Voter Registration Act and Open Public Records Act**

Dear Commissioner of Registration:

This firm represents the Republican National Committee ("RNC"), the New Jersey Republican State Committee ("NJGOP"), Congressman Tom Kean, a federal candidate for election in New Jersey, and New Jersey State Senator Anthony M. Bucco, a state candidate for election in New Jersey (collectively, the "Requesters"). As you know, the RNC is committed to a fair electoral process that ensures both access to the ballot and election integrity, and NJGOP, Congressman Kean, and Senator Bucco share that commitment. Public confidence and accuracy in the administration of our elections are critical to our democracy.

The starting block for voter participation and election integrity is voter registration. The RNC; state and local Republican parties, including NJGOP; and candidates, including Congressman Kean and Senator Bucco, assist thousands of citizens each year in registering to vote and devote substantial resources to get-out-the-vote efforts in reliance upon public voter registration lists. The Requesters also monitor elections to ensure the effective exercise of the franchise, accurate election results, and public confidence in election outcomes. All of these efforts rely upon accurate voter rolls. Accordingly, the Requesters support state and federal laws and practices to keep voter registration rolls up to date.

Because the Requesters' voter registration drives, get-out-the-vote drives, voter communications, and election integrity efforts depend upon the processes implemented by New Jersey to ensure its voter rolls are accurate, the Requesters are conducting a review of New Jersey's programs and practices for maintaining accurate voter rolls. As part of that review, the Requesters seek the records identified below concerning New Jersey's programs and practices to maintain accurate voter rolls pursuant to Section 8 of the National Voter Registration Act ("NVRA"), 52 U.S.C. § 20507.

The NVRA contains a public records provision. It requires that "[e]ach state shall maintain for at least 2 years and shall make available for public inspection . . . all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters." *Id.* § 20507(i)(1). Those records expressly "include lists of the names and addresses of all persons to whom notices described in [52 U.S.C. § 20507(d)(2)] are sent, and information concerning whether or not each such person has responded to the notice as of the date that inspection of the record is made." *Id.* § 20507(i)(2). The scope of records required to be maintained by each state is sweeping and includes records of all voter list registration and maintenance activities. *See Project Vote/Voting for Am., Inc. v. Long*, 682 F.3d 331, 336 (4th Cir. 2012) (the use of the word "all" in "all records" "suggests an expansive meaning because 'all' is a term of great breadth" (quoting *Nat'l Coal. for Students with Disabilities Educ. & Legal Def. Fund v. Allen*, 152 F.3d 283, 290 (4th Cir. 1998))). These documents must be made available upon request.

The New Jersey Open Public Records Act ("OPRA"), N.J.S.A. 47:1A-1 *et seq.*, also requires your office to provide the records requested below. This request should be considered a request under OPRA to the extent you assert any record is not covered by the NVRA.

Accordingly, the Requesters respectfully request the following public records[1] for the Relevant Period[2]:

1. Each policy, procedure, manual, standard operating procedure, directive, guidance document, or training material in effect at any time during the Relevant Period that sets forth, documents, or describes the programs and activities conducted in New Jersey for the purpose of ensuring the accuracy and currency of official lists of eligible voters, including any such record describing:

   (a) how registrants who have died are identified and removed from the rolls;
   (b) how registrants who have changed residence are identified and removed from the rolls;
   (c) how and when address confirmation notices are sent and processed;

[1] For purposes of this request, a "record" is defined as any document or information, in electronic form or paper copy form, and includes policies, procedures, manuals, memoranda, audits, guidance, lists, spreadsheets, data, and communications (including emails, text messages, and letters). "Record" also includes documents, information, and data found within your statewide voter registration system, the database through which your state carries out its voter list registration and maintenance activities. *See Pub. Int. Legal Found. v. Bellows*, 92 F.4th 36, 47 (1st Cir. 2024).

[2] For purposes of this request, the "Relevant Period" means the period beginning January 1, 2023, and continuing through the date of your office's response to this request. The NVRA requires New Jersey to maintain all records for "at least 2 years." In this era of electronic records, and with other records requests pending, we trust the state and its localities have not deleted records within this timeframe. However, if your office has deleted relevant records within this timeframe, please tell us and provide all responsive records still maintained.

(d) how registrants are designated as inactive;
(e) how registrants reactivate from inactive status;
(f) the process for removing voters on the inactive list from the registration list;
(g) how duplicate registration records are identified, merged, or canceled;
(h) how your office verifies the U.S. citizenship of registrants; and
(i) the meaning and application of each removal code or cancellation reason used in New Jersey's Statewide Voter Registration System ("SVRS"), including each code identified in Request No. 2.

2. Records from the SVRS sufficient to show each individual whose voter registration was removed or canceled during the Relevant Period under any of the following removal codes or designations, or any substantially similar code or designation, however denominated in the SVRS:

   (a) "Administrative Action";
   (b) "Deceased";
   (c) "Duplicate";
   (d) "Inactive Confirmation through Two Federal";
   (e) "Moved Out of State";
   (f) "Moved Out of County";
   (g) "User Corrected";
   (h) "User Determined";
   (i) "Voter Records Merged"; and
   (j) "Voter Requested"

   For each such individual, the responsive records should reflect the individual's full name, residence address, date (or year) of birth, and voter identification number assigned by the SVRS, together with the date of the removal or cancellation and the removal code or designation under which the removal or cancellation was recorded.

3. Each record that lists or identifies persons sent an address confirmation notice, including any notice described in 52 U.S.C. § 20507(d)(2), during the Relevant Period, together with, for each such person: (a) the date the confirmation notice was sent, and (b) whether the person has responded to the notice as of the date of your response to this request.

4. Each record that lists or identifies voters placed in inactive status during the Relevant Period, including the date on which each such voter was placed in inactive status.

5. Each record that lists or identifies voters on the inactive voter list who were removed from the SVRS during the Relevant Period.

6. Each record and communication exchanged during the Relevant Period between your office and the New Jersey Department of Health's Office of Vital Statistics and Registry—or any other office, bureau, or agency responsible for maintaining records of deaths—that identifies deceased individuals for voter list-maintenance purposes, including data files, death lists or indices, match or comparison results, and correspondence transmitting or discussing that information.

7. Each record and communication exchanged during the Relevant Period between your office and the New Jersey Motor Vehicle Commission—or any other agency performing the functions of a department of motor vehicles—that identifies voters who have moved for voter list-maintenance purposes, including data files, lists, match or comparison results, and correspondence transmitting or discussing that information.

8. Each record and communication created as a result of or generated from your office's use of the Systematic Alien Verification for Entitlements (SAVE) database during the Relevant Period.

9. Each record and communication exchanged between your office and the Electronic Registration Information Center (ERIC) during the Relevant Period.

10. Each record and communication utilizing, documenting, or discussing the use of or comparison of voter registration records to potential juror questionnaires or jury pool records during the Relevant Period.

11. Each record and communication exchanged during the Relevant Period between your office and any other county board of elections, superintendent of elections, county commissioner of registration, or municipal clerk that:

    (a) concerns any program or activity implemented for the purpose of ensuring the accuracy and currency of New Jersey's official lists of eligible voters, including directives, instructions, guidance, or schedules for conducting voter list-maintenance activity;
    (b) concerns a failure to comply with New Jersey's voter list-maintenance obligations under New Jersey or federal law; or
    (c) identifies individual voters removed, or to be removed, from the official lists of eligible voters as a result of any such program or activity.

12. Each record that lists or identifies each person removed from the SVRS because the individual was not a U.S. citizen during the Relevant Period.

13. Each record or communication between your office and U.S. Citizenship and Immigration Services (USCIS) mentioning "U.S. citizenship," "naturalization," or "naturalized persons" and relating to voter list-maintenance activities during the

Relevant Period.

When providing records, data, or lists identifying voters in response to any request above, we request all information identifying each voter contained within your records, including but not limited to each voter's name, residence address, date (or year) of birth, and the voter identification number assigned by the SVRS. You may redact any full or partial Social Security number appearing in a responsive record, and the Requesters will accept records produced with those redactions.

The NVRA's public records disclosure provision preempts any state-law exemption that would otherwise prevent the disclosure or inspection of the requested records. *See Bellows*, 92 F.4th at 54–55 (Maine's privacy-based restrictions on its voter file preempted as obstacles to the NVRA's disclosure mandate). If you intend to withhold any record, or any portion of any record, please provide a log identifying the records withheld and a detailed explanation of the basis asserted for each withholding. Likewise, provide a log if you maintain that any record or category of records is not covered by the NVRA. For any such record or category, make the record(s) available under OPRA and provide a log of any OPRA exemptions you assert for that record(s).

If there are any fees for searching, copying, compiling, or transmitting these records, please inform me if the cost will exceed **$500** prior to incurring the expense. However, you should not charge any fees because the disclosure of the requested information furthers a significant public interest in the transparency of election administration and will contribute to the public's understanding of, and confidence in, New Jersey's efforts to ensure free and fair elections. This request does not seek any record to the extent it relates to a declination to register to vote or to the identity of a voter registration agency through which any particular voter is registered, and this information is not being sought for commercial purposes.

The Requesters ask that responsive records be produced in electronic format and on a rolling basis as they are gathered, rather than held until all responsive records have been collected. For data maintained in the SVRS, production in a machine-readable format (such as .csv or Microsoft Excel) is preferred.

Please acknowledge receipt of this request within five (5) business days and provide an estimated schedule for production. Per NVRA requirements, my firm's address is 2121 Eisenhower Avenue, Suite 608, Alexandria, VA 22314, and I can be reached at **RNCNVRA@dhillonlaw.com** or **415-433-1700**.

Sincerely,

DHILLON LAW GROUP INC.

By: */s/Lee E. Goodman*
Lee E. Goodman

DHILLON
LAW GROUP INC.

2121 Eisenhower Ave., Suite 608
Alexandria, VA 22314

Lee E. Goodman
Phone: 415-433-1700
RNCNVRA@dhillonlaw.com

July 31, 2026

**VIA CERTIFIED MAIL AND EMAIL**
Maryanne Kelleher
Superintendent of Elections
Hudson County Plaza
257 Cornelison Avenue, 4th Floor
Jersey City, NJ 07302
SuperintendentOfElections@hcnj.us

**Re: Public Records Request Under the National Voter Registration Act and Open Public Records Act**

Dear Superintendent of Elections:

This firm represents the Republican National Committee ("RNC"), the New Jersey Republican State Committee ("NJGOP"), Congressman Tom Kean, a federal candidate for election in New Jersey, and New Jersey State Senator Anthony M. Bucco, a state candidate for election in New Jersey (collectively, the "Requesters"). As you know, the RNC is committed to a fair electoral process that ensures both access to the ballot and election integrity, and NJGOP, Congressman Kean, and Senator Bucco share that commitment. Public confidence and accuracy in the administration of our elections are critical to our democracy.

The starting block for voter participation and election integrity is voter registration. The RNC; state and local Republican parties, including NJGOP; and candidates, including Congressman Kean and Senator Bucco, assist thousands of citizens each year in registering to vote and devote substantial resources to get-out-the-vote efforts in reliance upon public voter registration lists. The Requesters also monitor elections to ensure the effective exercise of the franchise, accurate election results, and public confidence in election outcomes. All of these efforts rely upon accurate voter rolls. Accordingly, the Requesters support state and federal laws and practices to keep voter registration rolls up to date.

Because the Requesters' voter registration drives, get-out-the-vote drives, voter communications, and election integrity efforts depend upon the processes implemented by New Jersey to ensure its voter rolls are accurate, the Requesters are conducting a review of New Jersey's programs and practices for maintaining accurate voter rolls. As part of that review, the Requesters seek the records identified below concerning New Jersey's programs

and practices to maintain accurate voter rolls pursuant to Section 8 of the National Voter Registration Act ("NVRA"), 52 U.S.C. § 20507.

The NVRA contains a public records provision. It requires that "[e]ach state shall maintain for at least 2 years and shall make available for public inspection . . . all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters." *Id.* § 20507(i)(1). Those records expressly "include lists of the names and addresses of all persons to whom notices described in [52 U.S.C. § 20507(d)(2)] are sent, and information concerning whether or not each such person has responded to the notice as of the date that inspection of the record is made." *Id.* § 20507(i)(2). The scope of records required to be maintained by each state is sweeping and includes records of all voter list registration and maintenance activities. *See Project Vote/Voting for Am., Inc. v. Long*, 682 F.3d 331, 336 (4th Cir. 2012) (the use of the word "all" in "all records" "suggests an expansive meaning because 'all' is a term of great breadth" (quoting *Nat'l Coal. for Students with Disabilities Educ. & Legal Def. Fund v. Allen*, 152 F.3d 283, 290 (4th Cir. 1998))). These documents must be made available upon request.

The New Jersey Open Public Records Act ("OPRA"), N.J.S.A. 47:1A-1 *et seq.*, also requires your office to provide the records requested below. This request should be considered a request under OPRA to the extent you assert any record is not covered by the NVRA.

Accordingly, the Requesters respectfully request the following public records[1] for the Relevant Period[2]:

1. Each policy, procedure, manual, standard operating procedure, directive, guidance document, or training material in effect at any time during the Relevant Period that sets forth, documents, or describes the programs and activities conducted in New Jersey for the purpose of ensuring the accuracy and currency of official lists of eligible voters, including any such record describing:

   (a) how registrants who have died are identified and removed from the rolls;

---

[1] For purposes of this request, a "record" is defined as any document or information, in electronic form or paper copy form, and includes policies, procedures, manuals, memoranda, audits, guidance, lists, spreadsheets, data, and communications (including emails, text messages, and letters). "Record" also includes documents, information, and data found within your statewide voter registration system, the database through which your state carries out its voter list registration and maintenance activities. *See Pub. Int. Legal Found. v. Bellows*, 92 F.4th 36, 47 (1st Cir. 2024).

[2] For purposes of this request, the "Relevant Period" means the period beginning January 1, 2023, and continuing through the date of your office's response to this request. The NVRA requires New Jersey to maintain all records for "at least 2 years." In this era of electronic records, and with other records requests pending, we trust the state and its localities have not deleted records within this timeframe. However, if your office has deleted relevant records within this timeframe, please tell us and provide all responsive records still maintained.

(b) how registrants who have changed residence are identified and removed from the rolls;
(c) how and when address confirmation notices are sent and processed;
(d) how registrants are designated as inactive;
(e) how registrants reactivate from inactive status;
(f) the process for removing voters on the inactive list from the registration list;
(g) how duplicate registration records are identified, merged, or canceled;
(h) how your office verifies the U.S. citizenship of registrants; and
(i) the meaning and application of each removal code or cancellation reason used in New Jersey's Statewide Voter Registration System ("SVRS"), including each code identified in Request No. 2.

2. Records from the SVRS sufficient to show each individual whose voter registration was removed or canceled during the Relevant Period under any of the following removal codes or designations, or any substantially similar code or designation, however denominated in the SVRS:

   (a) "Administrative Action";
   (b) "Deceased";
   (c) "Duplicate";
   (d) "Inactive Confirmation through Two Federal";
   (e) "Moved Out of State";
   (f) "Moved Out of County";
   (g) "User Corrected";
   (h) "User Determined";
   (i) "Voter Records Merged"; and
   (j) "Voter Requested"

   For each such individual, the responsive records should reflect the individual's full name, residence address, date (or year) of birth, and voter identification number assigned by the SVRS, together with the date of the removal or cancellation and the removal code or designation under which the removal or cancellation was recorded.

3. Each record that lists or identifies persons sent an address confirmation notice, including any notice described in 52 U.S.C. § 20507(d)(2), during the Relevant Period, together with, for each such person: (a) the date the confirmation notice was sent, and (b) whether the person has responded to the notice as of the date of your response to this request.

4. Each record that lists or identifies voters placed in inactive status during the Relevant Period, including the date on which each such voter was marked inactive.

5. Each record that lists or identifies voters on the inactive voter list who were removed from the SVRS during the Relevant Period.

6. Each record and communication exchanged during the Relevant Period between your office and the New Jersey Department of Health's Office of Vital Statistics and Registry—or any other office, bureau, or agency responsible for maintaining records of deaths—that identifies deceased individuals for voter list-maintenance purposes, including data files, death lists or indices, match or comparison results, and correspondence transmitting or discussing that information.

7. Each record and communication exchanged during the Relevant Period between your office and the New Jersey Motor Vehicle Commission—or any other agency performing the functions of a department of motor vehicles—that identifies voters who have moved for voter list-maintenance purposes, including data files, lists, match or comparison results, and correspondence transmitting or discussing that information.

8. Each record and communication created as a result of or generated from your office's use of the Systematic Alien Verification for Entitlements (SAVE) database during the Relevant Period.

9. Each record and communication exchanged between your office and the Electronic Registration Information Center (ERIC) during the Relevant Period.

10. Each record and communication utilizing, documenting, or discussing the use of or comparison of voter registration records to potential juror questionnaires or jury pool records during the Relevant Period.

11. Each record and communication exchanged during the Relevant Period between your office and any other county board of elections, superintendent of elections, county commissioner of registration, or municipal clerk that:

    (a) concerns any program or activity implemented for the purpose of ensuring the accuracy and currency of New Jersey's official lists of eligible voters, including directives, instructions, guidance, or schedules for conducting voter list-maintenance activity;
    (b) concerns a failure to comply with New Jersey's voter list-maintenance obligations under New Jersey or federal law; or
    (c) identifies individual voters removed, or to be removed, from the official lists of eligible voters as a result of any such program or activity.

12. Each record that lists or identifies each person removed from the SVRS because the individual was not a U.S. citizen during the Relevant Period.

13. Each record or communication between your office and U.S. Citizenship and Immigration Services (USCIS) mentioning "U.S. citizenship," "naturalization," or

"naturalized persons" and relating to voter list-maintenance activities during the Relevant Period.

When providing records, data, or lists identifying voters in response to any request above, we request all information identifying each voter contained within your records, including but not limited to each voter's name, residence address, date (or year) of birth, and the voter identification number assigned by the SVRS. You may redact any full or partial Social Security number appearing in a responsive record, and the Requesters will accept records produced with those redactions.

The NVRA's public records disclosure provision preempts any state-law exemption that would otherwise prevent the disclosure or inspection of the requested records. *See Bellows*, 92 F.4th at 54–55 (Maine's privacy-based restrictions on its voter file preempted as obstacles to the NVRA's disclosure mandate). If you intend to withhold any record, or any portion of any record, please provide a log identifying the records withheld and a detailed explanation of the basis asserted for each withholding. Likewise, provide a log if you maintain that any record or category of records is not covered by the NVRA. For any such record or category, make the record(s) available under OPRA and provide a log of any OPRA exemptions you assert for that record(s).

If there are any fees for searching, copying, compiling, or transmitting these records, please inform me if the cost will exceed **$500** prior to incurring the expense. However, you should not charge any fees because the disclosure of the requested information furthers a significant public interest in the transparency of election administration and will contribute to the public's understanding of, and confidence in, New Jersey's efforts to ensure free and fair elections. This request does not seek any record to the extent it relates to a declination to register to vote or to the identity of a voter registration agency through which any particular voter is registered. This information is not being sought for commercial purposes.

The Requesters ask that responsive records be produced in electronic format and on a rolling basis as they are gathered, rather than held until all responsive records have been collected. For data maintained in the SVRS, production in a machine-readable format (such as .csv or Microsoft Excel) is preferred.

Please acknowledge receipt of this request within five (5) business days and provide an estimated schedule for production. Per NVRA requirements, my firm's address is 2121 Eisenhower Avenue, Suite 608, Alexandria, VA 22314, and I can be reached at **RNCNVRA@dhillonlaw.com** or **415-433-1700**.

Sincerely,

DHILLON LAW GROUP INC.

By: */s/Lee E. Goodman*
Lee E. Goodman

DHILLON
LAW GROUP INC.

2121 Eisenhower Ave., Suite 608
Alexandria, VA 22314

Lee E. Goodman
Phone: 415-433-1700
RNCNVRA@dhillonlaw.com

July 31, 2026

**VIA CERTIFIED MAIL AND EMAIL**
James Foerst, Esq.
Commissioner of Registration
271 North Broad Street
Elizabeth, NJ 07208
ucboe@ucnj.org

**Re: Public Records Request Under the National Voter Registration Act and Open Public Records Act**

Dear Commissioner of Registration:

This firm represents the Republican National Committee ("RNC"), the New Jersey Republican State Committee ("NJGOP"), Congressman Tom Kean, a federal candidate for election in New Jersey, and New Jersey State Senator Anthony M. Bucco, a state candidate for election in New Jersey (collectively, the "Requesters"). As you know, the RNC is committed to a fair electoral process that ensures both access to the ballot and election integrity, and NJGOP, Congressman Kean, and Senator Bucco share that commitment. Public confidence and accuracy in the administration of our elections are critical to our democracy.

The starting block for voter participation and election integrity is voter registration. The RNC; state and local Republican parties, including NJGOP; and candidates, including Congressman Kean and Senator Bucco, assist thousands of citizens each year in registering to vote and devote substantial resources to get-out-the-vote efforts in reliance upon public voter registration lists. The Requesters also monitor elections to ensure the effective exercise of the franchise, accurate election results, and public confidence in election outcomes. All of these efforts rely upon accurate voter rolls. Accordingly, the Requesters support state and federal laws and practices to keep voter registration rolls up to date.

Because the Requesters' voter registration drives, get-out-the-vote drives, voter communications, and election integrity efforts depend upon the processes implemented by New Jersey to ensure its voter rolls are accurate, the Requesters are conducting a review of New Jersey's programs and practices for maintaining accurate voter rolls. As part of that review, the Requesters seek the records identified below concerning New Jersey's programs and practices to maintain accurate voter rolls pursuant to Section 8 of the National Voter Registration Act ("NVRA"), 52 U.S.C. § 20507.

The NVRA contains a public records provision. It requires that "[e]ach state shall maintain for at least 2 years and shall make available for public inspection . . . all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters." *Id.* § 20507(i)(1). Those records expressly "include lists of the names and addresses of all persons to whom notices described in [52 U.S.C. § 20507(d)(2)] are sent, and information concerning whether or not each such person has responded to the notice as of the date that inspection of the record is made." *Id.* § 20507(i)(2). The scope of records required to be maintained by each state is sweeping and includes records of all voter list registration and maintenance activities. *See Project Vote/Voting for Am., Inc. v. Long*, 682 F.3d 331, 336 (4th Cir. 2012) (the use of the word "all" in "all records" "suggests an expansive meaning because 'all' is a term of great breadth" (quoting *Nat'l Coal. for Students with Disabilities Educ. & Legal Def. Fund v. Allen*, 152 F.3d 283, 290 (4th Cir. 1998))). These documents must be made available upon request.

The New Jersey Open Public Records Act ("OPRA"), N.J.S.A. 47:1A-1 *et seq.*, also requires your office to provide the records requested below. This request should be considered a request under OPRA to the extent you assert any record is not covered by the NVRA.

Accordingly, the Requesters respectfully request the following public records[1] for the Relevant Period[2]:

1. Each policy, procedure, manual, standard operating procedure, directive, guidance document, or training material in effect at any time during the Relevant Period that sets forth, documents, or describes the programs and activities conducted in New Jersey for the purpose of ensuring the accuracy and currency of official lists of eligible voters, including any such record describing:

   (a) how registrants who have died are identified and removed from the rolls;
   (b) how registrants who have changed residence are identified and removed from the rolls;
   (c) how and when address confirmation notices are sent and processed;

---

[1] For purposes of this request, a "record" is defined as any document or information, in electronic form or paper copy form, and includes policies, procedures, manuals, memoranda, audits, guidance, lists, spreadsheets, data, and communications (including emails, text messages, and letters). "Record" also includes documents, information, and data found within your statewide voter registration system, the database through which your state carries out its voter list registration and maintenance activities. *See Pub. Int. Legal Found. v. Bellows*, 92 F.4th 36, 47 (1st Cir. 2024).

[2] For purposes of this request, the "Relevant Period" means the period beginning January 1, 2023, and continuing through the date of your office's response to this request. The NVRA requires New Jersey to maintain all records for "at least 2 years." In this era of electronic records, and with other records requests pending, we trust the state and its localities have not deleted records within this timeframe. However, if your office has deleted relevant records within this timeframe, please tell us and provide all responsive records still maintained.

(d) how registrants are designated as inactive;
(e) how registrants reactivate from inactive status;
(f) the process for removing voters on the inactive list from the registration list;
(g) how duplicate registration records are identified, merged, or canceled;
(h) how your office verifies the U.S. citizenship of registrants; and
(i) the meaning and application of each removal code or cancellation reason used in New Jersey's Statewide Voter Registration System ("SVRS"), including each code identified in Request No. 2.

2. Records from the SVRS sufficient to show each individual whose voter registration was removed or canceled during the Relevant Period under any of the following removal codes or designations, or any substantially similar code or designation, however denominated in the SVRS:

   (a) "Administrative Action";
   (b) "Deceased";
   (c) "Duplicate";
   (d) "Inactive Confirmation through Two Federal";
   (e) "Moved Out of State";
   (f) "Moved Out of County";
   (g) "User Corrected";
   (h) "User Determined";
   (i) "Voter Records Merged"; and
   (j) "Voter Requested"

   For each such individual, the responsive records should reflect the individual's full name, residence address, date (or year) of birth, and voter identification number assigned by the SVRS, together with the date of the removal or cancellation and the removal code or designation under which the removal or cancellation was recorded.

3. Each record that lists or identifies persons sent an address confirmation notice, including any notice described in 52 U.S.C. § 20507(d)(2), during the Relevant Period, together with, for each such person: (a) the date the confirmation notice was sent, and (b) whether the person has responded to the notice as of the date of your response to this request.

4. Each record that lists or identifies voters placed in inactive status during the Relevant Period, including the date on which each such voter was placed in inactive status.

5. Each record that lists or identifies voters on the inactive voter list who were removed from the SVRS during the Relevant Period.

6. Each record and communication exchanged during the Relevant Period between your office and the New Jersey Department of Health's Office of Vital Statistics and Registry—or any other office, bureau, or agency responsible for maintaining records of deaths—that identifies deceased individuals for voter list-maintenance purposes, including data files, death lists or indices, match or comparison results, and correspondence transmitting or discussing that information.

7. Each record and communication exchanged during the Relevant Period between your office and the New Jersey Motor Vehicle Commission—or any other agency performing the functions of a department of motor vehicles—that identifies voters who have moved for voter list-maintenance purposes, including data files, lists, match or comparison results, and correspondence transmitting or discussing that information.

8. Each record and communication created as a result of or generated from your office's use of the Systematic Alien Verification for Entitlements (SAVE) database during the Relevant Period.

9. Each record and communication exchanged between your office and the Electronic Registration Information Center (ERIC) during the Relevant Period.

10. Each record and communication utilizing, documenting, or discussing the use of or comparison of voter registration records to potential juror questionnaires or jury pool records during the Relevant Period.

11. Each record and communication exchanged during the Relevant Period between your office and any other county board of elections, superintendent of elections, county commissioner of registration, or municipal clerk that:

    (a) concerns any program or activity implemented for the purpose of ensuring the accuracy and currency of New Jersey's official lists of eligible voters, including directives, instructions, guidance, or schedules for conducting voter list-maintenance activity;
    (b) concerns a failure to comply with New Jersey's voter list-maintenance obligations under New Jersey or federal law; or
    (c) identifies individual voters removed, or to be removed, from the official lists of eligible voters as a result of any such program or activity.

12. Each record that lists or identifies each person removed from the SVRS because the individual was not a U.S. citizen during the Relevant Period.

13. Each record or communication between your office and U.S. Citizenship and Immigration Services (USCIS) mentioning "U.S. citizenship," "naturalization," or "naturalized persons" and relating to voter list-maintenance activities during the

Relevant Period.

When providing records, data, or lists identifying voters in response to any request above, we request all information identifying each voter contained within your records, including but not limited to each voter's name, residence address, date (or year) of birth, and the voter identification number assigned by the SVRS. You may redact any full or partial Social Security number appearing in a responsive record, and the Requesters will accept records produced with those redactions.

The NVRA's public records disclosure provision preempts any state-law exemption that would otherwise prevent the disclosure or inspection of the requested records. *See Bellows*, 92 F.4th at 54–55 (Maine's privacy-based restrictions on its voter file preempted as obstacles to the NVRA's disclosure mandate). If you intend to withhold any record, or any portion of any record, please provide a log identifying the records withheld and a detailed explanation of the basis asserted for each withholding. Likewise, provide a log if you maintain that any record or category of records is not covered by the NVRA. For any such record or category, make the record(s) available under OPRA and provide a log of any OPRA exemptions you assert for that record(s).

If there are any fees for searching, copying, compiling, or transmitting these records, please inform me if the cost will exceed **$500** prior to incurring the expense. However, you should not charge any fees because the disclosure of the requested information furthers a significant public interest in the transparency of election administration and will contribute to the public's understanding of, and confidence in, New Jersey's efforts to ensure free and fair elections. This request does not seek any record to the extent it relates to a declination to register to vote or to the identity of a voter registration agency through which any particular voter is registered, and this information is not being sought for commercial purposes.

The Requesters ask that responsive records be produced in electronic format and on a rolling basis as they are gathered, rather than held until all responsive records have been collected. For data maintained in the SVRS, production in a machine-readable format (such as .csv or Microsoft Excel) is preferred.

Please acknowledge receipt of this request within five (5) business days and provide an estimated schedule for production. Per NVRA requirements, my firm's address is 2121 Eisenhower Avenue, Suite 608, Alexandria, VA 22314, and I can be reached at **RNCNVRA@dhillonlaw.com** or **415-433-1700**.

Sincerely,

DHILLON LAW GROUP INC.

By: */s/Lee E. Goodman*
Lee E. Goodman

DHILLON
LAW GROUP INC.

2121 Eisenhower Ave., Suite 608
Alexandria, VA 22314

Lee E. Goodman
Phone: 415-433-1700
RNCNVRA@dhillonlaw.com

July 31, 2026

VIA CERTIFIED MAIL AND EMAIL
Anthony J. De Cicco
Commissioner of Registration
20 Grove Street, P.O. Box 3000
Somerville, NJ 08876
ElectionBd@somersetcountynj.gov

**Re: Public Records Request Under the National Voter Registration Act and Open Public Records Act**

Dear Commissioner of Registration:

This firm represents the Republican National Committee ("RNC"), the New Jersey Republican State Committee ("NJGOP"), Congressman Tom Kean, a federal candidate for election in New Jersey, and New Jersey State Senator Anthony M. Bucco, a state candidate for election in New Jersey (collectively, the "Requesters"). As you know, the RNC is committed to a fair electoral process that ensures both access to the ballot and election integrity, and NJGOP, Congressman Kean, and Senator Bucco share that commitment. Public confidence and accuracy in the administration of our elections are critical to our democracy.

The starting block for voter participation and election integrity is voter registration. The RNC; state and local Republican parties, including NJGOP; and candidates, including Congressman Kean and Senator Bucco, assist thousands of citizens each year in registering to vote and devote substantial resources to get-out-the-vote efforts in reliance upon public voter registration lists. The Requesters also monitor elections to ensure the effective exercise of the franchise, accurate election results, and public confidence in election outcomes. All of these efforts rely upon accurate voter rolls. Accordingly, the Requesters support state and federal laws and practices to keep voter registration rolls up to date.

Because the Requesters' voter registration drives, get-out-the-vote drives, voter communications, and election integrity efforts depend upon the processes implemented by New Jersey to ensure its voter rolls are accurate, the Requesters are conducting a review of New Jersey's programs and practices for maintaining accurate voter rolls. As part of that review, the Requesters seek the records identified below concerning New Jersey's programs and practices to maintain accurate voter rolls pursuant to Section 8 of the National Voter Registration Act ("NVRA"), 52 U.S.C. § 20507.

The NVRA contains a public records provision. It requires that "[e]ach state shall maintain for at least 2 years and shall make available for public inspection . . . all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters." *Id.* § 20507(i)(1). Those records expressly "include lists of the names and addresses of all persons to whom notices described in [52 U.S.C. § 20507(d)(2)] are sent, and information concerning whether or not each such person has responded to the notice as of the date that inspection of the record is made." *Id.* § 20507(i)(2). The scope of records required to be maintained by each state is sweeping and includes records of all voter list registration and maintenance activities. *See Project Vote/Voting for Am., Inc. v. Long*, 682 F.3d 331, 336 (4th Cir. 2012) (the use of the word "all" in "all records" "suggests an expansive meaning because 'all' is a term of great breadth" (quoting *Nat'l Coal. for Students with Disabilities Educ. & Legal Def. Fund v. Allen*, 152 F.3d 283, 290 (4th Cir. 1998))). These documents must be made available upon request.

The New Jersey Open Public Records Act ("OPRA"), N.J.S.A. 47:1A-1 *et seq.*, also requires your office to provide the records requested below. This request should be considered a request under OPRA to the extent you assert any record is not covered by the NVRA.

Accordingly, the Requesters respectfully request the following public records[1] for the Relevant Period[2]:

1. Each policy, procedure, manual, standard operating procedure, directive, guidance document, or training material in effect at any time during the Relevant Period that sets forth, documents, or describes the programs and activities conducted in New Jersey for the purpose of ensuring the accuracy and currency of official lists of eligible voters, including any such record describing:

   (a) how registrants who have died are identified and removed from the rolls;
   (b) how registrants who have changed residence are identified and removed from the rolls;
   (c) how and when address confirmation notices are sent and processed;

[1] For purposes of this request, a "record" is defined as any document or information, in electronic form or paper copy form, and includes policies, procedures, manuals, memoranda, audits, guidance, lists, spreadsheets, data, and communications (including emails, text messages, and letters). "Record" also includes documents, information, and data found within your statewide voter registration system, the database through which your state carries out its voter list registration and maintenance activities. *See Pub. Int. Legal Found. v. Bellows*, 92 F.4th 36, 47 (1st Cir. 2024).

[2] For purposes of this request, the "Relevant Period" means the period beginning January 1, 2023, and continuing through the date of your office's response to this request. The NVRA requires New Jersey to maintain all records for "at least 2 years." In this era of electronic records, and with other records requests pending, we trust the state and its localities have not deleted records within this timeframe. However, if your office has deleted relevant records within this timeframe, please tell us and provide all responsive records still maintained.

(d) how registrants are designated as inactive;
(e) how registrants reactivate from inactive status;
(f) the process for removing voters on the inactive list from the registration list;
(g) how duplicate registration records are identified, merged, or canceled;
(h) how your office verifies the U.S. citizenship of registrants; and
(i) the meaning and application of each removal code or cancellation reason used in New Jersey's Statewide Voter Registration System ("SVRS"), including each code identified in Request No. 2.

2. Records from the SVRS sufficient to show each individual whose voter registration was removed or canceled during the Relevant Period under any of the following removal codes or designations, or any substantially similar code or designation, however denominated in the SVRS:

   (a) "Administrative Action";
   (b) "Deceased";
   (c) "Duplicate";
   (d) "Inactive Confirmation through Two Federal";
   (e) "Moved Out of State";
   (f) "Moved Out of County";
   (g) "User Corrected";
   (h) "User Determined";
   (i) "Voter Records Merged"; and
   (j) "Voter Requested"

   For each such individual, the responsive records should reflect the individual's full name, residence address, date (or year) of birth, and voter identification number assigned by the SVRS, together with the date of the removal or cancellation and the removal code or designation under which the removal or cancellation was recorded.

3. Each record that lists or identifies persons sent an address confirmation notice, including any notice described in 52 U.S.C. § 20507(d)(2), during the Relevant Period, together with, for each such person: (a) the date the confirmation notice was sent, and (b) whether the person has responded to the notice as of the date of your response to this request.

4. Each record that lists or identifies voters placed in inactive status during the Relevant Period, including the date on which each such voter was placed in inactive status.

5. Each record that lists or identifies voters on the inactive voter list who were removed from the SVRS during the Relevant Period.

6. Each record and communication exchanged during the Relevant Period between your office and the New Jersey Department of Health's Office of Vital Statistics and Registry—or any other office, bureau, or agency responsible for maintaining records of deaths—that identifies deceased individuals for voter list-maintenance purposes, including data files, death lists or indices, match or comparison results, and correspondence transmitting or discussing that information.

7. Each record and communication exchanged during the Relevant Period between your office and the New Jersey Motor Vehicle Commission—or any other agency performing the functions of a department of motor vehicles—that identifies voters who have moved for voter list-maintenance purposes, including data files, lists, match or comparison results, and correspondence transmitting or discussing that information.

8. Each record and communication created as a result of or generated from your office's use of the Systematic Alien Verification for Entitlements (SAVE) database during the Relevant Period.

9. Each record and communication exchanged between your office and the Electronic Registration Information Center (ERIC) during the Relevant Period.

10. Each record and communication utilizing, documenting, or discussing the use of or comparison of voter registration records to potential juror questionnaires or jury pool records during the Relevant Period.

11. Each record and communication exchanged during the Relevant Period between your office and any other county board of elections, superintendent of elections, county commissioner of registration, or municipal clerk that:

    (a) concerns any program or activity implemented for the purpose of ensuring the accuracy and currency of New Jersey's official lists of eligible voters, including directives, instructions, guidance, or schedules for conducting voter list-maintenance activity;
    (b) concerns a failure to comply with New Jersey's voter list-maintenance obligations under New Jersey or federal law; or
    (c) identifies individual voters removed, or to be removed, from the official lists of eligible voters as a result of any such program or activity.

12. Each record that lists or identifies each person removed from the SVRS because the individual was not a U.S. citizen during the Relevant Period.

13. Each record or communication between your office and U.S. Citizenship and Immigration Services (USCIS) mentioning "U.S. citizenship," "naturalization," or "naturalized persons" and relating to voter list-maintenance activities during the

Relevant Period.

When providing records, data, or lists identifying voters in response to any request above, we request all information identifying each voter contained within your records, including but not limited to each voter's name, residence address, date (or year) of birth, and the voter identification number assigned by the SVRS. You may redact any full or partial Social Security number appearing in a responsive record, and the Requesters will accept records produced with those redactions.

The NVRA's public records disclosure provision preempts any state-law exemption that would otherwise prevent the disclosure or inspection of the requested records. *See Bellows*, 92 F.4th at 54–55 (Maine's privacy-based restrictions on its voter file preempted as obstacles to the NVRA's disclosure mandate). If you intend to withhold any record, or any portion of any record, please provide a log identifying the records withheld and a detailed explanation of the basis asserted for each withholding. Likewise, provide a log if you maintain that any record or category of records is not covered by the NVRA. For any such record or category, make the record(s) available under OPRA and provide a log of any OPRA exemptions you assert for that record(s).

If there are any fees for searching, copying, compiling, or transmitting these records, please inform me if the cost will exceed **$500** prior to incurring the expense. However, you should not charge any fees because the disclosure of the requested information furthers a significant public interest in the transparency of election administration and will contribute to the public's understanding of, and confidence in, New Jersey's efforts to ensure free and fair elections. This request does not seek any record to the extent it relates to a declination to register to vote or to the identity of a voter registration agency through which any particular voter is registered, and this information is not being sought for commercial purposes.

The Requesters ask that responsive records be produced in electronic format and on a rolling basis as they are gathered, rather than held until all responsive records have been collected. For data maintained in the SVRS, production in a machine-readable format (such as .csv or Microsoft Excel) is preferred.

Please acknowledge receipt of this request within five (5) business days and provide an estimated schedule for production. Per NVRA requirements, my firm's address is 2121 Eisenhower Avenue, Suite 608, Alexandria, VA 22314, and I can be reached at **RNCNVRA@dhillonlaw.com** or **415-433-1700**.

Sincerely,

DHILLON LAW GROUP INC.

By: */s/Lee E. Goodman*
Lee E. Goodman